**SO ORDERED.**

**SIGNED this 30 day of January, 2014.**

_____
**Randy D. Doub
United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION**

**IN RE:**

**TERESITA DAVILA,**          **CHAPTER 7**
                              **CASE NO. 13-03246-8-RDD**
    **DEBTOR**

**ORDER OVERRULING THE OBJECTION TO CLAIM FOR EXEMPTION**

Pending before the Court is the Objection to Exemptions filed by the Chapter 7 Trustee (the "Trustee") on September 5, 2013 (the "Objection") and the Response to Trustee's Objection to Exemptions filed by Teresita Davila on September 25, 2013 (the "Response"). The Court conducted a hearing on January 14, 2014, in Greenville, North Carolina to consider the Objection and the Response.

The Debtor filed a petition for relief pursuant to Chapter 7 of the Bankruptcy Code on May 17, 2013. In her Schedule A, the Debtor listed two parcels of real property as follows: (a) house and lot located at 1100-B Nicklaus Dr., Greenville, North Carolina (the "North Carolina Property"); and (b) house and lot located at Circuito Antoio Perez Alcocer 296, Col. Candiles, Villa Corregidora, Queretaro, Mexico (the "Mexico Property"). The Debtor's Schedule A provides that

the Debtor claims the Mexico Property as her home for the purpose of the residential exemption. The Debtor values her interest in the North Carolina Property at $64,081.80 and values her interest in the Mexico Property at $31,796.92. BB&T holds a secured claim against the North Carolina Property in the approximate amount of $71,004.00. The Mexico Property is unencumbered. The Debtor claims an exemption in the amount of $31,796.92 as to the Mexico Property pursuant to N.C. Gen. Stat. § 1C-1601(a)(1). Pursuant to her Statement of Intent, attached to the Petition, the Debtor indicates her intention to surrender the North Carolina Property. Also, within her Statement of Intent, the Debtor indicates her intention to surrender her 2012 Honda Accord. In her Schedule I, the Debtor states that her job is scheduled to terminate on June 14, 2013 and that she plans to return to Mexico. The Trustee objects to the Debtor's claim for exemption as to the Mexico Property and contends that as of the petition date, the Debtor did not use the Real Property as her residence and as a result the Real Property cannot be claimed as exempt pursuant to N.C. Gen. Stat. § 1C-1601(a)(1).

At the hearing, the Debtor testified that as of the petition date she used the Mexico Property as her residence and it was her intent to reside in the Mexico Property as she set forth in her Chapter 7 Petition. The Debtor explained that she purchased the Mexico Property in 2004. She later married a United States citizen and moved to Greenville, North Carolina. The Debtor represented that she and her former husband had always planned to eventually move into the Mexico Property. The Debtor testified that when she moved to North Carolina in 2004, she allowed her brother and his family to live in the Mexico Property. The Debtor has always held title to and paid the taxes on the Mexico Property. The Debtor explained that while she was in North Carolina, her brother lived in and maintained the Mexico Property. In 2008, the Debtor and her former husband divorced. The

2

Debtor testified that she continued living in Greenville, North Carolina until July of 2013. Prior to her filing of the petition, she became ill and was unable to maintain her job in North Carolina. She testified that during her time in North Carolina, she did make return visits to Mexico, but that she did not stay in the Mexico Property because her brother and his family were living there. In addition, the Debtor testified that she keeps much of her personalty in the Mexico Property, including her bed and dining room table.

The Court must look to North Carolina law when determining a debtor's claimed exemptions. *In re Cook*, Case No. 02-11321 at 2 (Bankr. W.D.N.C. March 4, 2003) (Hodges, J.). N.C. Gen. Stat. § 1C-1601(a)(1) provides "[e]ach individual, resident of this State, who is a debtor is entitled to retain free of the enforcement of the claims of creditors: (1) the debtor's aggregate interest, not to exceed thirty-five thousand dollars ($35,000) in value, in real property or personal property that the debtor or a dependent of the debtor . . . *uses* as a residence." This language suggests the purpose of the residential exemption statute is "to secure debtors and their families the shelter of a homestead." *In re Cook*, Case No. 02-11321 at 4 (Bankr. W.D.N.C. March 4, 2003) (Hodges, J.) (emphasis added).

N.C. Gen. Stat. § 1C-1601(a)(1) includes the language "uses as a residence" as an element of the exemption. Merriam-Webster Dictionary defines "residence" as "the act or fact of dwelling in a place for some time," and as "a building used as a home." www.merriam-webster.com. 11 U.S.C. § 101(13A) provides:

> The term "debtor's principal residence": -
>     (A) means a residential structure, including incidental property, without regard to whether that structure is attached to real property; and
>     (B) includes an individual condominium or cooperative unit, a mobile or manufactured home, or trailer.

This Court has previously addressed the issue of whether a particular piece of real property constitutes the debtor's residence in *In re Foster*, 348 B.R. 58, 60 (Bankr. E.D.N.C. Aug. 15, 2006). There, this Court held that the debtor was entitled to the N.C. residential exemption even though she did not currently live in the home when rendered uninhabitable by hurricane damage, when the debtor stated it was her intention to use the property as her residence as soon as the repairs were made, and the debtor continued paying her property taxes, and stored her personal property within the house. *In re Foster*, 348 B.R. 58, 60 (Bankr. E.D.N.C. Aug. 15, 2006).

More recently, this Court addressed the issue of whether a particular piece of real property constitutes the debtor's residence in *In re Whitney*, No. 13-05671-8-RDD (Bankr. E.D.N.C. Jan. 15, 2014). There, this Court found that the female debtor used the real property as her residence and could claim it as exempt even though she only resided in the real property ten days every month. This Court found that the female debtor maintained utilities and running water on the real property, maintained the property taxes, planned to make payments on the real property through her Chapter 13 plan and kept much of her personalty in the real property.

Exemptions are to be liberally construed in favor of the debtor. *In re Mims*, 49 B.R. 283 (Bankr. E.D.N.C. 1985). Here, although the Debtor did not physically reside in the Mexico Property on the petition date, she made every effort within her Chapter 7 petition, to set forth her intention of surrendering the North Carolina Property and returning to Mexico to reside in the Mexico Property. Further, the Debtor testified that she allowed her brother to reside in the Mexico Property while she was in North Carolina and that he protected and maintained her home. The Debtor represented that she and her husband also discussed eventually moving to the Mexico Property. The title to the Mexico Property has always been in the Debtor's name and the Debtor has always paid

the taxes on the Mexico Property since she purchased it in 2004. The Debtor has also kept her personalty in the Mexico Property, including her bed and dining room table. Accordingly, the Court finds the Debtor *uses* the Real Property as her residence. Therefore, the Debtor's claimed exemption in the Real Property is allowed pursuant to N.C. Gen. Stat. § 1C-1601(a)(1). Accordingly, the Trustee's Objection to the Debtor's claim of exemptions is **OVERRULED**. Debtors claimed exemption in the Mexico Property is **ALLOWED**.

**SO ORDERED**.

**END OF DOCUMENT**